UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JAYSON MICHAEL BABBITT,

        Defendant.

Case No. 2:19-cr-00240-KJD-VCF

ORDER

      Before the Court for consideration is the Report and Recommendation (#98) containing the findings and recommendations of Magistrate Judge Cam Ferenbach entered December 10, 2020, recommending that Defendant's Motion to Dismiss for Unconstitutionally Vague Statute (#67) be denied. Defendant filed Objections (#101) to the Report and Recommendation to which the Government replied (#109).

      The Court has conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Report and Recommendation (#98) containing the findings and recommendations of Magistrate Judge Cam Ferenbach entered December 10, 2020, should be **ADOPTED** and **AFFIRMED**.

      First, Defendant may not assert a void-for-vagueness facial challenge. See Kashem v. Barr, 941 F.3d 358, 377 (9th Cir. 2019). Further, an as-applied challenge fails based on the facts of this action. Second, the statute is not unconstitutionally vague or overbroad on its face, because it gives fair notice of the conduct it punishes. See United States v. Kuzma, 967 F.3d 959, 970-72 (9th Cir. 2020) (phrase "designed to shoot" is not unconstitutionally vague). Further, Defendant's post-Kuzma argument that the phrase "single function of the trigger" is vague also fails as identified by the Report and Recommendation. Defendant's attempt to parse out the word

"function" ignores the word that modifies it, "single". The Court must give effect to each word of the statute. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (quoting United States v. Menasche, 348 U.S. 528, 538-39 (1955)). Though the Report and Recommendation did use cases that can be distinguished, that distinction merely goes to the weight of the authority rather than to the entire merit of the Report and Recommendation. Further, while reference to the legislative history is not necessary, because the phrase "single function of the trigger" is not ambiguous, reference to it merely adds additional credence to the determination that it is not unconstitutionally vague. See Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 466 (1989); MCI Telecomms. Corp. v. Am. Tel. & Tel. Co., 512 U.S. 218, 228 (1994). The Court would come to the same conclusion without reference to the legislative history.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#98) containing the findings and recommendations of Magistrate Judge Cam Ferenbach entered December 10, 2020, are **ADOPTED** and **AFFIRMED**, and Defendant's Motion to Dismiss for Unconstitutionally Vague Statute (#67) is **DENIED**.

Dated this 7th day of May, 2021.

_____
Kent J. Dawson
United States District Judge